Case No.  5:19-cv-00079-JLS-KK                                        Date:  April 18, 2019
Title: Valentin Gutierrez v. FedEx Ground Package System, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |  N/A  |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

Before the Court is a Motion to Remand filed by Plaintiff Valentin Gutierrez. (Mot., Doc. 12.)  Defendant FedEx Ground Package System, Inc. ("FedEx") opposed. (Opp., Doc. 19.)  Plaintiff did not reply.  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for April 19, 2019, at 10:30 a.m., is removed from the calendar.  For the following reasons, the Court DENIES Plaintiff's Motion.

### I.     Background

On November 30, 2018, Plaintiff filed her initial Complaint in San Bernardino County Superior Court.  The Complaint brings five causes of action for violations of various California labor and employment statutes and one common law tort cause of action for wrongful termination in violation of public policy.  (Compl., Doc. 1-1.)  In relevant part, Plaintiff's tort claim is predicated on allegations that Defendants discharged her for making a workers' compensation claim.  (*Id.* ¶¶ 15, 93.)

On January 10, 2019, FedEx removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Notice of Removal, Doc. 1.)  Plaintiff filed the instant Motion on February 6, 2019.  (Mot.) Plaintiff does not contest the timeliness of removal, complete diversity of the parties, amount in controversy, or other requirements of diversity jurisdiction.  Rather, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-00079-JLS-KK                                    Date: April 18, 2019
Title: Valentin Gutierrez v. FedEx Ground Package System, Inc. et al.

argues that removal was improper because Plaintiff's claim for wrongful termination in violation of public policy arises under California's workers' compensation laws and removal of the action is therefore barred pursuant to 28 U.S.C. § 1445(c). (Mot. at 5-9.)

## II.     Discussion

Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "Among the policy rationales underlying 28 U.S.C. § 1445(c) were a congressional concern for the states' interest in administering their own workers' compensation schemes and a concern that workers' compensation claims had increased the workload of the federal courts." *Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d 1196, 1201 (D. Or. 2006) (citing *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1061 n.6 (9th Cir. 2002)). Whether a claim arises under a state's workers' compensation law for the purposes of Section 1445(c) is a question of federal law. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972).

Plaintiff asserts a claim for termination in violation of public policy, often referred to as a *Tameny* claim. *See Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980). To state a *Tameny* claim, "[a] plaintiff must show that the public policy is delineated in a constitutional or statutory provision, or in administrative regulations that serve a statutory objective." *Quinones v. Target Stores*, 2005 WL 3157515, at *3 (N.D. Cal. Nov. 23, 2005). Here, Plaintiff contends that her claim for wrongful termination rests on violation of Cal. Lab. Code §132a, which states that "[i]t is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment," and "[a]ny employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor." It is settled that Section 132a can serve as the basis of a *Tameny* claim. *See City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998). The sole question is thus whether a *Tameny* claim predicated on an alleged

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:19-cv-00079-JLS-KK                                           Date: April 18, 2019

Title: Valentin Gutierrez v. FedEx Ground Package System, Inc. et al.
_____

Section 132a violation is one "arising under" the California workers' compensation scheme for purposes of Section 1445(c).

This Court squarely addressed this question in *Thomas v. U.S. Foods, Inc.*, holding that "a *Tameny* claim predicated on a violation of section 132a does not 'arise under' California workers' compensation laws" and therefore does not invoke Section 1445(c)'s removal bar. 2012 WL 5634847, at *3 (C.D. Cal. Nov. 14, 2012). Plaintiff does not attempt to distinguish *Thomas*. Indeed, Plaintiff does not even cite *Thomas* and relies primarily on pre-*Thomas* cases. This is surprising, especially considering that Plaintiff's counsel also represented the plaintiff in *Thomas*. Here, like in *Thomas*, "[t]he Court is not required to construe California's workers' compensation statute in order to decide Plaintiff's wrongful termination claim." *Id.* The Court sees no reason to depart from its prior analysis or why the facts of this case otherwise counsel a different result. Another court in this district has on multiple occasions employed the same analysis used in *Thomas* and reached the same result. *Ramirez*, 2014 WL 3928416, at *2-5; *Atamian v. Inland Cmty. Bank, N.A.*, 2014 WL 5810369, at *2-3 (C.D. Cal. Nov. 6, 2014).[1]

---

[1]Relying on *Virgin v. Cnty. of San Luis Obispo,* 201 F.3d 1141 (9th Cir.2000), *Thomas* and like cases ask whether a state's workers' compensation scheme is a necessary element of the plaintiff's state law claim. *See Thomas*, 2012 WL 5634847, at *2-3. The Court notes that other district courts in the Ninth Circuit have called the *Virgin* test into question and suggested more restrictive standards for invoking Section 1445(c). *See San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp.*, 2014 WL 2960015, at *2-4 (N.D. Cal. June 30, 2014) (relying on *Gunn v. Minton*, 568 U.S. 251, 258 (2013) to determine that Section 1445(c) bars removal only if a state workers' compensation issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress); *Yalley v. Liberty Life Assurance Co. of Boston*, 2017 WL 3086228, at *1 (N.D. Cal. July 19, 2017) (rejecting reliance on either *Virgin* or *Gunn* and finding "[Section] 1445(c) reaches, at its outermost limits, all causes of action with a significant nexus to state workers' compensation laws over which there is a necessary dispute"). Indeed, FedEx urges the Court to adopt the *Gunn* standard. (Opp. at 2.) But the Court need not resolve that tension to decide this case. These newly suggested standards require even deeper entanglement of workers' compensation issues to invoke the statute's removal bar. Because Plaintiff's Motion fails under the *Virgin* standard—the most relaxed of the contemplated tests, it also fails under the more stringent *Yalley* and *Gunn* standards as well.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>**CIVIL MINUTES – GENERAL** | |
| Case No.  5:19-cv-00079-JLS-KK | Date:  April 18, 2019 |
| Title: Valentin Gutierrez v. FedEx Ground Package System, Inc. et al. | |

Accordingly, the Motion is denied.

### III.     Conclusion

For the foregoing reasons, the Motion is DENIED.

Initials of Preparer:  tg